IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| **CHARLENE RAE MOORE,** *Plaintiff,* | § § § | |
| v. | § § | CIVIL ACTION NO. 4:19-cv-1862 |
| **AMERICAN STRATEGIC INSURANCE AND PROGRESSIVE PROPERTY INSURANCE COMPANY** *Defendants.* | § § § § § | |

## ORIGINAL COMPLAINT AND JURY DEMAND

**TO THE HONORABLE JUDGE OF SAID COURT**:

**COMES NOW**, the Plaintiff, Charlene Rae Moore ("Moore" or "Plaintiff"), and files this Original Complaint and Jury Demand complaining of and against Defendants, American Strategic Insurance ("ASI") and Progressive Property Insurance Company ("Progressive"), and in support thereof, would respectfully show onto the Court the following:

### JURISDICTION AND VENUE

1. This action arises under the National Flood Insurance Act, 42 U.S.C. §4001, et. Seq., pursuant to the insurance contract issued to the Plaintiff. This action, having arisen under an applicable federal statute codified as 42 U.S.C. §4072, requires the application of federal law pursuant to the general federal jurisdiction provisions of 28 U.S.C. §1331.

2. This Court has supplemental jurisdiction to hear the state law claims related to this matter as alleged in this Complaint pursuant to 28 U.S.C. §1367(a) in that the federal and state claims derive from a common nucleus of operative facts and because the claims are ones ordinarily expected to be tried in one judicial proceeding.

3. Venue is proper in this District pursuant to 42 U.S.C. §4053 and/or §4072 in that

the insured property made the basis of this lawsuit is located at 11002 Hedwig Green Street, Houston, Texas 77024-6801 and situated within this District.

## PARTIES

4. Plaintiff, Charlene Rae Moore ("Moore" or "Plaintiff") is an individual resident of Texas residing at 11002 Hedwig Green Street, Houston, Texas 77024-6801 (the "Property"). Service of process is neither requested nor necessary at this time.

5. Defendant, American Strategic Insurance ("ASI") is an admitted foreign insurance company organized in Florida and participating in FEMA's "Write Your Own" (WYO) program. ASI maintains its principal place of business at 1 Asi Way N., 805 Executive Center Drive West, Saint Petersburg, Florida 33702-2514. American Strategic Insurance conducts the business of insurance for profit in a systematic and continuous manner in the state of Texas. American Strategic Insurance issued a Standard Flood Insurance Policy ("SFIP") in its own name, as fiscal agent of the United States, to Plaintiff Charlene Rae Moore. Pursuant to 44 C.F.R. § 62.23(d) and (i)(f), American Strategic Insurance is responsible for arranging the adjustment, settlement, payment and defense of all claims arising under the Policy. Accordingly, ASI may be served with notice of this lawsuit by serving Summons and a true and correct copy of the Complaint attached thereto upon Corporate Creations Network, Inc., 2425 West Loop South, Suite 200, Houston, Texas 77027-4208.

6. Defendant Progressive Property Insurance Company ("Progressive") is an admitted foreign insurance company organized in Florida and maintains its principal place of business at 1 Asi Way N., 805 Executive Center Drive West, Saint Petersburg, Florida 33702-2514. Progressive conducts the business of insurance for profit in a systematic and continuous manner in the sate of Texas. Progressive is affiliated with ASI, which participates in FEMA's WYO program, to adjust

and settle claims arising under the ASI Policy. Progressive may be served with notice of this lawsuit by serving Summons and a true and correct copy of the Complaint attached thereto upon Corporate Creations Network, Inc., 2425 West Loop South, Suite 200, Houston, Texas 77027-4208.

## FACTUAL BACKGROUND

7. Throughout this Complaint, when Plaintiff makes allegations against the Defendants, these allegations apply also to Defendants' officers, agents, servants, employees, attorneys, or representatives, as acts by these individuals were done with the full, expressed or implied or apparent authorization or ratification of the Defendants or was done in the normal and routine course and scope of employment of the Defendants' officers, agents, servants, employees, attorneys, or representatives.

8. Among other elements of damage, by this lawsuit, Plaintiff seeks to recover losses sustained as a result of flood damage to the dwelling, including structural damage, to the building located at 11002 Hedwig Green Street, Houston, Texas 77024-6801 (the "Property").

9. American Strategic Insurance ("ASI") sold a flood insurance policy bearing Policy Number 0FLD260277 (the "Policy") to Plaintiff Charlene Rae Moore. By issuing this Policy, ASI agreed to pay Plaintiff for any direct physical loss to the insured Property caused by or from a "flood" as defined by the Policy in exchange for payment of the policy premium. Plaintiff incorporates by reference, for all purposes, all provisions of the Standard Flood Insurance Policy ("SFIP"), as set forth in 44 C.F.R. §61, Appendix A (1), which is the policy issued by ASI to Plaintiff Moore. The Policy term extended from July 31, 2017 to July 31, 2018. The Policy limits were $250,000.00 for building and $100,000.00 for contents.

10. On or about August 26, 2017, during the terms of the Standard Flood Insurance

Policy issued by ASI, Policy Number 0FLD260277, Plaintiff sustained covered losses to the dwelling due to flood water. As a direct and proximate result of the flooding, Plaintiff Moore suffered a direct physical loss to the insured Property. The damage to the dwelling is covered under the Policy and occurred within the applicable Policy term.

11.     After the date of loss of August 26, 2017, Plaintiff Moore timely notified ASI and/or Progressive of the flood loss and filed an insurance claim with ASI. In filing the claim, Plaintiff Moore asked ASI to adjust the claim and pay for the cost of repairs to the Property. ASI assigned Claim Number 9764-174401 to Plaintiff Moore's claim.

12.     ASI inspected and adjusted the dwelling damage and issued payment to Plaintiff Moore in the amount of $5,689.02 for the flood loss. Plaintiff Moore could not properly repair the flood damage to her home with ASI's adjustment of her claim, and this payment issued for damages resulting from the flood event. ASI has grossly underpaid and/or wrongfully denied the damages to the foundation, the pool, the bridge, the decking, the irrigation system, the gas line, the walls, the living room, the master bathroom, and the laundry room, even though the flood Policy provided coverage for losses such as those suffered by Plaintiff Moore. Further, ASI and Progressive failed to pay Plaintiff Moore's claim by not providing full coverage for the damages sustained by Plaintiff. The denial of the dwelling claim related to the damage listed above and the actions taken by ASI and Progressive do not comply with the terms and conditions of the SFIP and/or does not compensate Plaintiff Moore for direct physical loss sustained as a result of flood.

13.     ASI failed to perform its contractual duty to adequately compensate Plaintiff Moore under the terms of the ASI flood policy. Specifically, ASI refused to pay the full proceeds of the Policy after conducting an outcome-oriented investigation, although due demand was made for proceeds to be paid in an amount sufficient to cover the damaged property, and all conditions

precedent to recovery under the Policy have been carried out and accomplished by Plaintiff Moore. ASI's conduct constitutes a breach of the insurance contract between ASI and Plaintiff Moore.

14. Pleading further, ASI and Progressive misrepresented to Plaintiff Moore that the damage to the Property was not covered under the flood Policy, even though the damage was caused by a covered occurrence. ASI and Progressive's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(1).

15. ASI and Progressive failed to make an attempt to settle Plaintiff Moore's claim in a fair manner, although ASI and Progressive were aware of its liability to Plaintiff Moore under the flood Policy. ASI and Progressive's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(a)(2)(A)

16. ASI and Progressive failed to conduct a reasonable investigation. ASI and Progressive's conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541.060(7)

17. ASI and Progressive failed to explain to Plaintiff Moore any valid reason for its coverage denial and offered an inadequate settlement. Specifically, ASI and Progressive failed to offer Plaintiff full compensation, without any valid explanation why full payment was not being made. Further, ASI and Progressive did not communicate that any future settlements or payments would be forthcoming to pay for the entire loss covered under the flood Policy, nor did they provide any explanation for the failure to inadequately settle Plaintiff Moore's claim. ASI and Progressive's conduct is a violation of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code. §541.060(a)(3).

18. ASI and Progressive failed to meet their obligations under the Texas Insurance Code regarding timely acknowledging Plaintiff Moore's claim, beginning an investigation, and

requesting all information reasonably necessary to investigate Plaintiffs' claim within the statutorily mandated time of receiving notice of Plaintiffs' claim. ASI and Progressive's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. Tex. Ins. Code. §542.055.

19. Further, ASI and Progressive failed to accept or deny Plaintiff Moore's full and entire claim within the statutorily mandated time of receiving all necessary information. This conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE. §542.056.

20. ASI and Progressive failed to meet their obligations under the Texas Insurance Code regarding payment of claims without delay. Specifically, ASI and Progressive have delayed full payment of Plaintiff Moore's claim and, to date, Plaintiff Moore has not received full payment for the claim. ASI and Progressive's conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.058.

21. From and after the time Plaintiff Moore's claim was presented to ASI and Progressive, its liability to pay the full claim in accordance with the terms of the Policy was reasonably clear. However, ASI and Progressive have refused to pay Plaintiff Moore in full, despite there being no basis whatsoever upon which a reasonable insurance company would have relied to deny the full payment. ASI and Progressive's conduct constitutes a breach of the common law duty of good faith and fair dealing.

22. Additionally, ASI and Progressive knowingly or recklessly made false representations as described above, as to material facts and/or knowingly concealed all or part of material information from Plaintiff.

23. Because of ASI and Progressive's wrongful acts and omissions, Plaintiff Moore

was forced to retain the professional services of the attorney and law firm who is representing Plaintiff with respect to these causes of action.

## CAUSES OF ACTION

24. Plaintiff Moore incorporates, by reference, the allegations of paragraphs 1 through 22 above and paragraphs 32 to 39 below, as if fully set forth herein.

25. Plaintiff Moore alleges that violations of the common laws of the State of Texas were committed "knowingly" and with "gross negligence", "intent", and/or "malice" and as a result thereof, Plaintiff is entitled to receive additional, statutory, and/or exemplary damages.

26. Plaintiff Moore further alleges that in all of the conduct complained of herein, all employees, servants, agents and representatives of ASI and Progressive had actual, implied, or apparent authority to act on behalf of ASI and Progressive.

27. Plaintiff Moore further alleges that all conditions precedent to recovery herein have been performed or have occurred and that each cause of action alleged herein is plead additionally and alternatively.

### A.     **Breach of Contract**

28. Without waiving but strictly relying on the foregoing, Plaintiff Moore alleges that the actions and conduct of ASI constitute a breach of contract. Plaintiff Moore purchased flood insurance from ASI. The insurance contract provides insurance coverage for the Property against loss from among other things: flood. Plaintiff Moore paid all premiums for the Policy, timely reported the flood loss to ASI, and requested adjustment of her claim. Despite full compliance with the Policy conditions, ASI has failed and refused, and continues to fail and refuse to pay the full amount due to Plaintiff Moore under the Policy for Plaintiff's claim. As a result, ASI has breached the contract of insurance and as a direct and proximate consequence of ASI's breach of contract,

Plaintiff Moore has suffered actual, incidental, special, and consequential damages as set forth herein.

**B.     Non-Compliance with Texas Insurance Code- Unfair Settlement Practices**

29.    Without waiving but strictly relying on the foregoing, Defendant ASI's and Progressive's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. Tex. Ins. Code §541. Defendant ASI and Progressive's unfair settlement practices, as described above, of misrepresenting to Plaintiff Moore material facts relating to the coverage at issue, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(1). ASI and Progressive's unfair settlement practice, as described above, of failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of the claim, even though its liability under the Policy was reasonably clear, constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code. §541.060(a)(2)(A). Further, ASI and Progressive's unfair settlement practice, as described above, of refusing to pay Plaintiff Moore's claim without conducting a reasonable investigation constitutes an unfair method of competition and an unfair and deceptive act or practice in the business of insurance. Tex. Ins. Code §541.060(a)(7).

As a direct and proximate consequence of ASI and Progressive's unfair settlement practices, Plaintiff Moore has suffered actual, incidental, special, and consequential damages as set forth herein.

**C.     Non-Compliance with Texas Insurance Code- The Prompt Payment of Claims**

30.    Without waiving but strictly relying on the foregoing, ASI and Progressive's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims. All violations made under this article are made actionable by Tex. Ins. Code §542.060. ASI and

Progressive's failure to acknowledge receipt of Plaintiff Moore's claim, commence investigation of the claim, and request from Plaintiffs all items, statements and forms that it reasonably believed would be required within the applicable time constraints, as described above, constitutes a non-prompt payment of claims and violation of Tex. Ins. Code §542.055. Further, ASI and Progressive's failure to notify Plaintiff Moore in writing of its acceptance or rejection of the claim within the applicable time constraints constitutes a non-prompt payment of the claim. Tex. Ins. Code. §542.056. ASI and Progressive's delay of the payment of Plaintiff Moore's claim following its receipt of all items, statements, and forms reasonably requested and required constitutes a non-prompt payment of the claim. Tex. Ins. Code. §542.058.

As a direct and proximate consequence of ASI and Progressive's violation of the Prompt Payment of Claims, Plaintiff Moore has suffered actual, incidental, special, and consequential damages as set forth herein.

### D.   Breach of Duty of Good Faith and Fair Dealing

31.   Without waiving but strictly relying on the foregoing, ASI and Progressive's conduct constitutes a breach of the common law duty of good faith and fair dealing owed to insureds pursuant to insurance contracts. ASI and Progressive's failure, as described above, to adequately and reasonably investigate and evaluate Plaintiff Moore's claim, although at the time, it knew or should have known by the exercise of reasonable diligence that its liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

As a direct and proximate consequence of ASI and Progressive's breach of the duty of good faith and fair dealing, Plaintiff Moore has suffered actual, incidental, special, and consequential damages as set forth herein.

### E.   Non-Compliance with Texas Deceptive Trade Practices Consumer Protection Act ("DTPA")

32. Without waiving but strictly relying on the foregoing, Plaintiff Moore alleges that the actions and conduct of ASI and Progressive violate the Texas Deceptive Trade Practices Consumer Protection Act ("DTPA") §17.41. et. seq. of the TEX. BUS. & COMM. CODE. Plaintiff Moore is a consumer under the DTPA because she sought and acquired a food insurance policy by purchase. ASI and Progressive engaged in false and misleading and deceptive acts or practices Plaintiff Moore relied upon to her detriment. Specifically, ASI and Progressive represented to Plaintiff Moore that the flood Policy to be issued and was issued covered damage resulting from flood, which was later determined by ASI and Progressive to not be covered. This misrepresentation violates Section 17.46(b) and 17.50(a)(4) of the DTPA in the following manner:

(a) Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have; §17.46(b)(5) DTPA.

(b) Representing that goods or services are of a particular standard, quality, or grade if they are of another; §17.46(b)(7) DTPA;

(c) Representing that an agreement confers or involves rights, remedies, or obligations which it does not have or involve, or which are prohibited by law; §17.46(b)(12) DTPA;

(d) Failing to disclose information concerning goods or services which was known at the time of the transaction if such failure to disclose such information was intended to induce the consumer into a transaction which the consumer would not have entered had the information been disclosed; §17.46(b)(24) DTPA.

(e) The use or employment by any person of an act or practice in violation of Chapter 541 Tex. Ins. Code.

ASI and Progressive's misrepresentations and violations of the DTPA were a producing

cause of actual, incidental, special, and consequential damages to Plaintiff Moore as set forth herein.

## DAMAGES

33. Plaintiff Moore would show that all of the aforementioned acts of ASI and Progressive, taken together or singularly, constitute the producing causes of the damages sustained by Plaintiff Moore.

34. As a result of the actions and conduct complained of herein by ASI and Progressive, Plaintiff Moore is entitled to the recovery of all actual, incidental, special, and consequential damages sustained in an amount that exceeds the minimum jurisdictional limits of this court. These damages include but are not limited to: damages to the foundation, the pool, the bridge, the decking, the irrigation system, the gas line, the walls, the living room, the master bathroom, and the laundry room.

35. Plaintiff Moore is further entitled to the recovery of "additional" and/or "exemplary" damages due to the knowingly, grossly negligent, intentional, and/or malicious actions and conduct of ASI and Progressive.

36. Plaintiff Moore is further entitled to the recovery of treble damages for a knowing violation of §541 of the TEX. INS. CODE, §541.112(B).

37. Plaintiff Moore is further entitled to the recovery of her reasonable and necessary attorney's fees incurred in connection with this suit pursuant to law. Among other statutory basis, Plaintiff Moore claims attorney's fees pursuant to §541 of the TEX. INS. CODE and §17.50 of the DTPA.

38. Plaintiff Moore is further entitled to recovery of pre-judgment and post-judgment interest herein at the maximum amount allowed by the common and statutory laws of the State of

Texas.

39. Plaintiff Moore is further entitled to the recovery of costs of court.

## DEMAND FOR TRIAL BY JURY

40. Pursuant to Rule 38 Fed. R. Civ. P., Plaintiff Moore demands a jury trial on all issues triable by a jury and tenders the appropriate fee with this Petition.

## PRAYER

41. WHEREFORE, PREMISES CONSIDERED, Plaintiff, Charlene Rae Moore, respectfully prays that the Defendants, American Strategic Insurance ("ASI") and Progressive Property Insurance Company ("Progressive") be cited to appear and answer herein, and that upon a final hearing of the cause, judgment be entered for Plaintiff Charlene Rae Moore against Defendants ASI and Progressive, jointly and severally, all actual, incidental, special and consequential damages sustained as the result of the actions of ASI and Progressive, along with additional and exemplary damages, damages attributed to attorney's fees, costs of court, pre-judgment and post-judgment interest, and such other and further relief, whether general or special, at law or in equity, to which Plaintiff Moore may show herself justly entitled by this pleading or proper amendment hereto.

Dated:  Houston, Texas
        May 22, 2019

Respectfully submitted,

**BAIN & BARKLEY**
*A Partnership of Professional Corporations*

**BY:** _____
Justin Patton
State Bar Number: 24092949
Federal Bar Number: 2924203
Email: justin@bainlaw.net
Karl R. Schneider
Texas State Bar Number:   00788366
Federal Bar Number: 18746
Email:   karl@bainlaw.net
14090 Southwest Freeway, Suite 450
Sugar Land, Texas 77478
Tel:    281-980-3100
Fax:    281-980-3195
**ATTORNEYS FOR PLAINTIFF**
**CHARLENE RAE MOORE**